THE PEOPLE OF THE STATE OF ILLINOIS, for the use of the Common-School Fund of Lake County, appellant, *v.* ELIJAH M. HAINES *et al.*, appellees.

*Appeal from Lake.*

If a School Commissioner, in loaning school money for a longer period than one year on real estate security, take the security on real estate to which the mortgagor has no title, and the Commissioner, by using due caution, could have ascertained this fact from the public records, or any other accessible source of information, he has violated the law, and is at once liable on his bond.

In a suit brought on his bond in such cases, the measure of damages is, not merely the interest in arrear on the loan, but the full amount of the loan, with the interest in arrear.

DEBT, in the Lake Circuit Court, brought by the appellant against the appellees, on the official bond of one of the defendants below, as School Commissioner, for loaning the sum of fifty dollars of the school money for five years, without taking security by mortgage on unencumbered real estate, as required by the statute. The issues were tried by the Court, and found for the plaintiff below, and the Court assessed his damages at fourteen dollars, the amount of the interest in arrear on the school money loaned. The plaintiff appealed. The facts appear in the Opinion of the Court.

*Cook & Hoyt*, for the appellant.

*I. N. Arnold*, for the appellees.

The Opinion of the Court was delivered by

CATON, J. This suit was brought upon the official bond of the School Commissioner of Lake county. The bond was conditioned that the Commissioner should faithfully perform all the duties of his office, according to the laws then or which might thereafter be in force in relation thereto. One breach assigned is, that the Commissioner, contrary

to the statute, loaned fifty dollars of school money in his hands, to one Gavin, for a term of five years, without taking security by mortgage on unencumbered real estate, but on the contrary took a mortgage of Gavin on a lot in which he had no interest, and to which he had no title at any time. Another breach is assigned, that he loaned fifty dollars of school money to Gavin without taking security as is required by Rev. Stat. ch. 98, § 27; by reason whereof, &c. That section authorizes the School Commissioners to loan certain school moneys, and provides that "for all loans for more than one year, security shall be given by mortgage on real estate, unencumbered, in value double the amount loaned, with a condition that in case additional security shall at any time be required, the same shall be given to the satisfaction of the Commissioner for the time being." The trial was by the Court, without a jury, who found for the plaintiffs, and assessed their damages to the sum of fourteen dollars, the amount of interest in arrear. The plaintiffs bring the record here, and complain that they were entitled to recover the full amount of the money illegally loaned, together with the unpaid interest.

It is the undoubted duty of the School Commissioner, under the statute referred to, when he loans money for a longer term than one year, to secure the loan by a mortgage on real estate, which, at a fair and reasonable cash value, is of double the amount of the loan, and he must resort to all accessible means of information, to satisfy himself that the title to the land is in the mortgagor, and is unencumbered. If the public records show such a title, and the Commissioner has no notice or reason to believe that there is any adverse or outstanding title or encumbrance, the nhe ought not to be adjudged guilty of a breach of his official duty, if unfortunately some latent claim or right should arise, which reasonable and careful vigilance could not have discovered, and defeat the security taken. The title must be such that a prudent and careful man would not hesitate to invest his own money upon it, at a full price. He must act at least with as much care and circumspection in securing this school

money as a prudent and careful man would exercise in securing his own, relying alone upon the title. If the Commissioner neglects to do this, then the loan is not authorized by law, and he is, in legal contemplation, as much guilty of violating his official duty as if he had appropriated the money to his own private purposes. If the Commissioner acts in good faith, and with due caution and circumspection, then he does his duty and incurs no responsibility; but if he loans the money either in bad faith, or without such care and circumspection, then he diverts and misapplies it, and is responsible at once for the full amount thus misapplied. It will not do to say that he and his securities should only be held responsible for the ultimate losses upon such illegal loans. The intention of the law is, and so it is expressly declared, that all sums loaned for a longer term than one year shall be secured by mortgage upon real estate, of value to double the amount of the loan. The Commissioner has no right to say that he and his securities will become guarantors for this loan while the law requires security on real estate; he has no right to violate the law, and then say the public shall be content with personal security. If he violates the law in loaning the money, and thus incurs liability, he cannot postpone that liability by the terms of that very illegal loan. If he is liable at all, it is for the illegal loan, and necessarily the liability accrues as soon as the illegal act is done.

What then are the facts of this case, to which this law is to be applied? This loan was made to Gavin in palpable violation of his official duty. It was for a longer period than one year, and a mortgage was taken upon a lot to which the mortgagor never had the shadow of a title, which, if the School Commissioner did not know, he might have known with the least attention; and all this, too, when Gavin was notoriously and utterly insolvent. Here is a gross violation of official duty, and the Court should have assessed the plaintiffs' damages to the full amount of the loan, together with the interest in arrear. As the case must go back for another trial, it may not be improper to remark,

that the issues are very loosely presented. The declara- tion is probably obnoxious to a demurrer, when tested by the law as above laid down, although it may be sufficient after verdict; and the plea is not at all appropriate to such an action as this, while the notice may be utterly disre- garded.

The judgment of the Circuit Court is reversed with costs against the appellees, and the cause remanded, with leave to both parties to amend their pleadings.

*Judgment reversed.*